■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK LOUIS, Appellant. [730 NYS2d 327] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered June 8, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly exercised its discretion in imposing limitations upon defendant's use of a courtroom demonstration concerning the degree of force employed by the arresting officer in effecting defendant's arrest (*see*, *People v Acevedo*, 40 NY2d 701, 704). These limitations did not deprive defendant of a fair trial, in that defendant received ample opportunity to advance his claim that the officer's alleged use of excessive force provided a motive to falsify. Moreover, this officer did not observe the undercover sale and his credibility was not central to the case.

Likewise, the court properly exercised its discretion in denying defendant's request for a midtrial adjournment of unspecified length for the purpose of attempting to obtain the testimony of an individual who had been arrested with defendant and who had validly invoked his privilege against self-incrimination. On advice of counsel, the potential witness refused to testify without being permitted to plead guilty to a violation. However, a supervising prosecutor firmly refused to permit such a disposition, for legitimate reasons unrelated to the individual's status as a potential defense witness. Defense counsel's supposition that a higher-ranking supervisor might authorize the violation plea was highly speculative and did not warrant a midtrial adjournment (*see*, *People v Tirado*, 223 AD2d 482, *lv denied* 87 NY2d 1026).

To the extent that defendant is raising constitutional claims with regard to either of these rulings, such claims are unpreserved and we decline to review them in the interest of justice. Were we to review them in the interest of justice, we would find that there was no violation of defendant's right to confront witnesses and present a defense (*see*, *Delaware v Van Arsdall*, 475 US 673, 678-679). Concur—Nardelli, J. P., Williams, Tom, Andrias and Marlow, JJ.